FILED

| | |
|---|---|
| STATE OF INDIANA ) | HAMILTON COUNTY SUPERIOR COURT |
| ) 2006 OCT 12 PM 3:59 ROOM NO. 29D01 0610 PL 999 |
| ) SS: | |
| COUNTY OF HAMILTON CLERK, HAMILTON COUNTY CAUSE NUMBER: | |

JUST BORN, INC.

    Plaintiff,

v.

DAVID & GOLIATH, INC.,

    Defendant.

24/362

## COMPLAINT

For this Complaint against Defendant, David & Goliath, Inc. ("D&G"), Plaintiff, Just Born, Inc. ("JBI") hereby alleges as follows:

### SUBSTANCE OF THE ACTION

1. This case involves infringement upon the distinctive and famous trademarks used by JBI in connection with the sale and promotion of its "Peeps" confectionary products. Defendant's infringement arises out of the unauthorized use of the "Peeps" trademarks on clothing items bearing reproductions of the famous "Peeps" marks ("infringing items").

2. Defendant's use of the "Peeps" marks on the infringing items violates JBI's rights under federal trademark law, common law and Indiana state law. JBI asserts claims for federal trademark infringement, federal trademark dilution, false designation of origin or sponsorship, false advertising, and trade dress infringement pursuant to the Lanham Act, as well as common law trademark infringement, unfair competition, conversion, forgery, counterfeiting, and deception. JBI seeks a permanent injunction preventing Defendant from using the distinctive "Peeps" trademarks, along with an award of damages, treble

damages, profits, attorney's fees and costs.

## THE PARTIES

3. JBI is a business organized and existing under the laws of the state of Pennsylvania.

4. Defendant D&G is a business organized and existing under the laws of Florida. Defendant may be served through its registered agent, Todd Goldman, 1230 South Myrtle Avenue, #401, Clearwater, Florida 33756.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action pursuant to Ind. Code § 33-28-1-2 and Ind. Code § 33-33-29-7.

6. Defendant D&G has submitted to this Court's jurisdiction by doing business in the state of Indiana.

7. Venue properly lies in this Court because a substantial part of the events giving rise to the claims alleged herein arose in Hamilton County, Indiana.

## GENERAL ALLEGATIONS AS TO JBI

### JBI's Trademark Rights

8. JBI is a family-owned candy manufacturer that has been in business for more than seven decades and over three generations. JBI introduced its legendary "Peeps" candies more than fifty (50) years ago. The original "Peeps" candies are unique marshmallow confectionaries shaped like baby chicks.

9. Relative to its confectionary business, JBI is the exclusive owner of multiple federally registered trademarks, including registration for the word mark "Peeps" and the mark drawing of the "Peeps" configuration. These registrations are active and unrevoked, and constitute *prima facie* evidence of JBI's ownership of the marks. These trademarks are

2

collectively referred to herein as the "Peeps trademarks" or the "Peeps marks."

10. The "Peeps" trademarks are distinctive and famous.

11. JBI is engaged in the sale and/or licensing of promotional merchandise, including clothing items, bearing the "Peeps" trademarks in Indiana and elsewhere.

12. JBI maintains strict control over the quality and nature of its products and items bearing the "Peeps" trademarks.

13. JBI has invested considerable time and money in advertising the "Peeps" trademarks throughout Indiana and elsewhere. As a result of extensive worldwide advertising, the "Peeps" marks are immediately recognizable.

14. JBI has acquired substantial goodwill among consumers.

15. As a result of such goodwill and immediate recognition, and as a result of extensive advertising, the "Peeps" trademarks have become highly valuable.

### Defendant's Infringement of JBI's Trademark Rights

16. Subsequent to JBI's development, use and registration of the "Peeps" trademarks, Defendant began using the "Peeps" marks or confusingly similar variations of the marks.

17. Defendant has manufactured, produced, advertised and/or sold clothing items bearing the "Peeps" trademarks. Specifically, Defendant manufactured, distributed, advertised and/or sold T-shirts bearing the phrase "where my peeps at?" displayed alongside the image of a baby chick.

18. Defendant has not received permission from JBI, or anyone acting on JBI's behalf, to manufacture, produce, advertise or sell any item bearing the "Peeps" trademarks.

19. By manufacturing, producing, advertising and/or selling items bearing the "Peeps" marks without permission, Defendant has attempted to profit from and capitalize on the

trademark rights and substantial goodwill developed by JBI.

20. Defendant has willfully and intentionally manufactured, produced, advertised and/or sold products bearing the "Peeps" trademarks with knowledge that the "Peeps" marks are federally registered trademarks owned by JBI.

21. Defendant manufactured, produced, advertised and/or sold items bearing the "Peeps" marks with knowledge that Defendant's use of the "Peeps" trademarks was unauthorized.

22. The manufacture, production, advertisement, and/or sale of items bearing the "Peeps" trademarks created a likelihood of consumer confusion.

23. Defendant used the "Peeps" marks with the intent to confuse and/or deceive consumers.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

24. JBI incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

25. Defendant has used in commerce, and in connection with the sale of goods, a reproduction, counterfeit, copy or colorable imitation of the "Peeps" trademarks.

26. Defendant has reproduced, counterfeited, copied or imitated the "Peeps" marks and applied the marks to labels, signs, prints, packages, receptacles or advertisements intended to be used in commerce.

27. Defendant's use of the "Peeps" trademarks creates the likelihood of confusion, mistake and/or deception among consumers.

28. Defendant willfully infringed on the trademark rights of JBI. Defendant intended to confuse, mistake or deceive consumers.

29. Defendant used the reproductions of the "Peeps" trademarks with knowledge that the marks were copies and/or counterfeits.

4

30. Consumers were initially interested and lured to the infringing items by the similarity to the "Peeps" marks.

31. As a result of Defendant's infringement, JBI has suffered irreparable harm to valuable "Peeps" trademarks. Unless Defendant is permanently enjoined from further infringement, JBI will continue to suffer irreparable harm.

32. A permanent injunction is necessary to prevent Defendant from further interference with JBI's trademark rights.

33. As a result of Defendant's infringement under 15 U.S.C. § 1114, JBI has been injured and is entitled to damages, including but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

## COUNT II
## TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)

34. JBI incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

35. The "Peeps" trademarks are the product of creativity and imagination.

36. The "Peeps" trademarks are distinctive and famous.

37. Defendant adopted the "Peeps" trademarks after the marks became famous.

38. Defendant's use of the "Peeps" trademarks caused dilution of the marks.

39. Defendant's use of the "Peeps" trademarks is commercial and in commerce.

40. Defendant's use of the "Peeps" trademarks has weakened the unique association of the marks with JBI, as owner of the marks.

41. As a result of Defendant's dilution under 15 U.S.C. § 1125(c), JBI has suffered irreparable harm to valuable "Peeps" trademarks. Unless Defendant is permanently

enjoined from further dilution, JBI will continue to suffer irreparable harm.

42. A permanent injunction is necessary to prevent Defendant from further interference with JBI's trademark rights.

43. Defendant's dilution of the "Peeps" marks has caused JBI damages, including, but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

## COUNT III
## FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP, FALSE ADVERTISING AND TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

44. JBI incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

45. Defendant used the "Peeps" trademarks in commerce and in connection with the sale of goods or services.

46. Defendant's use of the "Peeps" marks is likely to cause confusion or mistake and/or is likely to deceive consumers as to the affiliation, connection or association of Defendant with JBI; or as to the origin, sponsorship, or approval of Defendant's goods by JBI.

47. Defendant's conduct constitutes false or misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Defendant's goods and constitutes trade dress infringement in violation of § 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

48. As a result of Defendant's conduct, JBI has suffered irreparable harm to valuable "Peeps" trademarks. Unless Defendant is permanently enjoined from further false designations, false advertisement and trade dress infringement, JBI will continue to suffer irreparable harm.

49. A permanent injunction is necessary to prevent Defendant from further interference with JBI's trademark rights.

50. Defendant's violations of 15 U.S.C. §1125(a) have caused JBI to incur damages, including, but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

### COUNT IV
### COMMON LAW TRADEMARK INFRINGEMENT

51. JBI incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

52. JBI was the first to use the "Peeps" trademarks or any marks similar thereto in association with the sale of any product or service. As a result of the continued sale by JBI, the marks have become immediately recognizable and JBI has become identified in the public mind as the manufacturer and/or licensor of the products and services to which the "Peeps" trademarks are applied.

53. JBI has acquired a reputation among consumers for quality and excellence, and the "Peeps" trademarks have come to symbolize that reputation.

54. Defendant, with knowledge of and with intentional disregard for the rights of JBI, manufactured, produced, advertised and/or sold items using the "Peeps" marks or confusingly similar imitations thereof.

55. Defendant's use of the "Peeps" marks has created the likelihood of confusion among consumers.

56. Defendant's acts constitute trademark infringement and willful infringement under the common law.

57. As a result of Defendant's conduct, JBI has suffered irreparable harm to valuable "Peeps"

trademarks. Unless Defendant is permanently enjoined from further infringement, JBI will continue to suffer irreparable harm.

58. A permanent injunction is necessary to prevent Defendant from further interference with JBI's trademark rights.

59. As a result of Defendant's infringement, JBI has suffered damages, including, but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

### COUNT V
### UNFAIR COMPETITION

60. JBI incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

61. Defendant's unlawful and unauthorized use of the "Peeps" trademarks constitutes unfair competition with JBI.

62. Defendant's conduct creates consumer confusion as to the source and/or origin of the infringing items.

63. Defendant's use of the "Peeps" trademarks is an attempt to interfere with JBI's business relationship with its consumers and to trade on JBI's goodwill.

64. As a result of Defendant's conduct, JBI has suffered irreparable harm to valuable "Peeps" trademarks. Unless Defendant is permanently enjoined from further unfair competition, JBI will continue to suffer irreparable harm.

65. A permanent injunction is necessary to prevent Defendant from further interference with JBI's trademark rights.

66. Defendant's unfair competition has caused JBI to incur damages, including but not limited to, Defendant's profits from the sale of the infringing products, actual damages,

8

costs of suit and attorney's fees.

### COUNT VI
### CONVERSION UNDER IND. CODE § 35-43-4-3

67. JBI incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

68. Defendant knowingly or intentionally exerted unauthorized control over the property of JBI.

69. Defendant sold items bearing JBI intellectual property without JBI's consent and in a manner or to an extent other than that to which JBI had consented.

70. Defendant knowingly or intentionally exerted unauthorized control over the goodwill developed by JBI.

71. As a result of Defendant's conversion, JBI was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

### COUNT VII
### FORGERY UNDER IND. CODE § 35-43-5-2(b)

72. JBI incorporates by reference the allegations contained in the previous paragraphs of this Complaint.

73. Defendants, with the intent to defraud, made, uttered, and/or possessed a written instrument in such a manner that it purports to have been made by JBI.

74. JBI did not give Defendant the authority to make or possess the infringing items.

75. As a result of Defendant's forgery, JBI was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

## COUNT VIII
## COUNTERFEITING UNDER IND. CODE § 35-43-5-2(a)

76. JBI incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

77. Defendant knowingly or intentionally made and/or uttered a written instrument in such a manner that it purports to have been made by JBI.

78. JBI did not give Defendant the authority to make or utter the infringing items.

79. As a result of Defendant's counterfeiting, JBI was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

## COUNT IX
## DECEPTION UNDER IND. CODE § 35-43-5-3

80. JBI incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

81. Defendant knowingly or intentionally made a false or misleading written statement with the intent to obtain property.

82. Defendant, with the intent to defraud, misrepresented the identity or quality of property.

83. As a result of Defendant's deception, JBI was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

## PRAYER FOR RELIEF

WHEREFORE, JBI prays for relief against the Defendant as follows:

a. That Defendant, its officers, partners, agents, servants, affiliates, employees, attorneys, and representatives, and all those in privity or acting in consent or

participation with Defendant, and each and all of them, be permanently enjoined from:

    (i)    Imitating, copying, reproducing, or using, in any manner, the "Peeps" trademarks, or any other mark confusingly similar to the "Peeps" trademarks;

    (ii)    Committing any act that dilutes or is likely to dilute the distinctiveness of the "Peeps" trademarks;

    (iii)    Committing any act that is likely to create the impression that Defendant's business or products are in any way sponsored by, approved of or otherwise affiliated or connected with JBI;

    (iv)    Importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product or service using any simulation, reproduction, counterfeit, copy or imitation of any JBI trademark or trade dress; and

    (v)    instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iv) above.

b.    That Defendant be required to:

    (i)    Deliver to JBI for destruction all goods and materials bearing "Peeps" trademarks which Defendant has in its possession;

    (ii)    Recall and deliver to JBI for destruction all goods and materials bearing the "Peeps" trademarks that have been previously distributed or sold;

    (iii)    Pay compensatory damages to JBI in an amount to be determined at trial

        for the injuries JBI has sustained as a consequence of the acts complained of;

  (iv)  Pay JBI treble damages, or alternatively, Defendant's profits trebled, whichever is greater;

  (v)  Pay all of JBI's litigation expenses, including reasonable attorneys' fees and costs of this action;

  (vi)  Pay interest to JBI, including pre-judgment interest on the foregoing sums; and

  (vii)  File with this Court and serve on JBI an affidavit setting forth in detail the manner and form of Defendant's compliance with the terms of this Court's orders.

c.  That JBI be awarded such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL JURY

JBI hereby respectfully request a trial by jury in this cause, and for all other relief just and proper in the premises.

Respectfully submitted,

Darlene R. Seymour
Attorney # 23133-49

By: *[signature]*

Continental Enterprises
9135 N. Meridian St.
Suite A-1
Indianapolis, IN 46260